08 CV 5538

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOROTHY DUNNING,<br><br>                    Plaintiff,<br><br>vs.<br><br>MERCK & COMPANY, INC.,<br><br>                    Defendant. | MDL 1789<br>HON. JOHN F. KEENAN<br>CASE NO.<br><br>**COMPLAINT**<br><br>1. Strict Liability – Failure to Warn<br>2. Strict Products Liability -- Defective Design<br>3. Negligence<br>4. Breach of Implied Warranty<br>5. Breach of Express Warranty<br>6. Deceit by Concealment<br>7. Negligent Misrepresentation<br><br>**DEMAND FOR JURY TRIAL** |



RECEIVED JUN 19 2008 U.S.D.C. S.D.N.Y. CASHIERS

## COMPLAINT

Plaintiff, LIDIA ESCOBAR, alleges as follows:

### INTRODUCTION

This case involves the prescription drug FOSAMAX® (alendronate sodium), (hereinafter "FOSAMAX® "), which was manufactured, sold, distributed, and promoted by defendant for the treatment of osteoporosis. Defendants misrepresented that FOSAMAX®, was a safe and effective treatment for such disorders, when in fact the drug caused serious injuries to the jaw bones, including osteonecrosis, bone loss, and degeneration.

Complaint for Damages (Tort)

## JURISDICTION AND VENUE

1. The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. Section 1332. Plaintiff is a citizen of the State of California, County of Los Angeles, and Defendants are corporations, whose States of incorporation and principal places of business are as set forth in paragraph 13 below. Plaintiff is a citizen of a State different from the State where Defendants are incorporated and have their principal places of business. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the parties are citizens of different states. Venue in this Court is proper pursuant to 28 U.S.C. §1391(c) in that substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District, and Defendants have sufficient contacts within the District to subject them to personal jurisdiction in this District.

## GENERAL ALLEGATIONS

2. This action is an action for damages brought on behalf of the Plaintiff who was prescribed and supplied with, received, and who ingested and consumed the prescription drug FOSAMAX®, as tested, studied, researched, evaluated, endorsed, designed, formulated, compounded, manufactured, produced, processed, assembled, inspected, distributed, marketed, labeled, promoted, packaged, advertised for sale, prescribed, sold or otherwise placed in the stream of interstate commerce by Defendants. This action seeks, among other relief, general and special damages and equitable relief in order to enable the Plaintiff to treat and monitor the dangerous, severe and life-threatening side effects caused by FOSAMAX®.

3. The injuries and damages of Plaintiff were caused by the wrongful acts, omissions, and fraudulent misrepresentations of Defendants.

4. At all times herein mentioned, each of the Defendants was the agent, servant, partner, aider and abettor, co-conspirator and joint venturer of each of the remaining Defendants herein and were at all times operating and acting within the purpose and scope of said agency, service, employment, partnership, conspiracy and

joint venture and rendered substantial assistance and encouragement to the other Defendants, knowing that their conduct constituted a breach of duty owed to Plaintiff.

5. There exists, and at all times herein mentioned, there existed, a unity of interest in ownership between certain Defendants and other certain Defendants such that any individuality and separateness between the certain Defendants has ceased and these Defendants are the alter-ego of the other certain Defendants and exerted control over those Defendants. Adherence to the fiction of the separate existence of these certain Defendants as an entity distinct from other certain Defendants will permit an abuse of the corporate privilege and would sanction fraud and would promote injustice.

6. The damages of Plaintiff were caused by the wrongful acts, omissions, and fraudulent misrepresentations of Defendants.

7. At all times herein mentioned, the Defendants, and each of them were engaged in the business of, or were successors in interest to, entities engaged in the business of research, licensing, designing, formulating, compounding, testing, manufacturing, producing, processing, assembling, inspecting, distributing, marketing, labeling, promoting, packaging and/or advertising for sale or selling the prescription drug known as FOSAMAX®, for the use and ingestion by Plaintiff.

8. At all times herein mentioned, the Defendants, and each of them, were corporations authorized to do business in the state of residence of Plaintiff.

9. At all times herein mentioned, the officers and directors of the Defendants named herein participated in, authorized and directed the production and promotion of the aforementioned product when they knew, or with the exercise of reasonable care should have known, of the hazards and dangerous propensities of said product and thereby actively participated in the tortious conduct which resulted in the injuries of Plaintiff herein.

Complaint for Damages (Tort)

10. Plaintiff files this lawsuit within the applicable limitations period of first suspecting that said drugs were the cause of any appreciable harm sustained by Plaintiff. Plaintiff could not, by the exercise of reasonable diligence, have discovered the wrongful cause of the Plaintiff's injuries at an earlier time because the injuries were caused without perceptible trauma or harm, and when the Plaintiff's injuries were discovered their cause was unknown to Plaintiff. Plaintiff did not suspect, nor did Plaintiff have reason to suspect, that Plaintiff had been injured, the cause of the injuries, or the tortious nature of the conduct causing the injuries, until less than the applicable limitations period prior to the filing of this action. Additionally, Plaintiff was prevented from discovering this information sooner because Defendants herein misrepresented and continue to misrepresent to the public and to the medical profession that the drugs are safe and free from serious side effects, and Defendants have fraudulently concealed facts and information that could have led Plaintiff to discover a potential cause of action.

## PARTIES

### The Plaintiff

11. Plaintiff, LIDIA ESCOBAR was prescribed and supplied with, received, took, ingested, and consumed the prescription drug FOSAMAX®, and was injured as a result. Plaintiff resides in the State of California, County of Los Angeles, and is a citizen of the State of California.

### The Defendants

12. Defendant Merck & Company Inc., tested, studied, researched, evaluated, endorsed, designed, formulated, compounded, manufactured, produced, processed, assembled, inspected, distributed, marketed, labeled, promoted, packaged, advertised for sale, prescribed, sold and distributed, or otherwise placed in the stream of interstate commerce, FOSAMAX®, which was ingested by the Plaintiff. Defendant Merck & Company Inc. was and is an American pharmaceutical company, incorporated under the laws of the State of New Jersey, whose principal

place of business is: One Merck Drive, P.O. Box 100, Whitehouse Station, New Jersey. On information and belief, said entity does business in California and at all times relevant herein, it developed, manufactured, marketed, distributed, and sold FOSOMAX® in interstate commerce and in the state of residence of Plaintiff. At all times herein mentioned, the officers and directors of the Defendants named herein participated in, authorized and directed the production and promotion of the aforementioned product when they knew, or with the exercise of reasonable care should have known, of the hazards and dangerous propensities of said product and thereby actively participated in the tortious conduct which resulted in the injuries and damages suffered by Plaintiff herein.

13. This Complaint seeks redress for damages sustained by the above-named PI Plaintiff's individual use of FOSAMAX®, manufactured and sold by Merck, the Defendants herein.

## OVERVIEW

14. FOSAMAX® is a pharmaceutical osteoprotective drug, approved by the FDA for the treatment of osteoporosis. Defendants Merck did manufacture, design, package, market and distribute this drug. Defendants Merck (hereinafter "Defendants") encouraged the use of this drug in improper customers, misrepresented the safety and effectiveness of this drug and concealed or understated its dangerous side effects.

15. The market for such osteoporosis drugs is huge. According to Merck it has experienced significant growth in the sales of FOSAMAX® $3.5 Billion in 2005.

16. In June 1995 FOSAMAX® was approved by the FDA for use in the U.S. for the treatment of osteoporosis.

17. At all times relevant hereto, the Defendants actually knew of the defective nature of their product as herein set forth, yet continued to design, manufacture, market, distribute and sell their product so as to maximize sales and

Complaint for Damages (Tort)

profits at the expense of the general public's health and safety in conscious disregard of the foreseeable harm caused by this product. Defendants' conduct exhibits such an entire want of care as to establish that their actions were a result of fraud, ill will, recklessness, gross negligence or willful and intentional disregard to Plaintiff's rights, and hence punitive damages are appropriate.

18. The damages sought herein are the direct and proximate result of Defendants' wrongful conduct in connection with designing, testing, inspecting, manufacturing, assembling, developing, labeling, sterilizing, licensing, marketing, advertising, promoting, selling, packaging, supplying and/or distributing the prescription drug FOSAMAX®.

19. At all times relevant hereto, Defendants were engaged in the business of designing, testing, inspecting, manufacturing, assembling, developing, labeling, sterilizing, licensing, marketing, advertising, promoting, selling, packaging, supplying and/or distributing the pharmaceutical drug FOSAMAX® throughout the United States.

20. Had Defendants properly disclosed the risks associated with using FOSAMAX®, Plaintiff would not have taken FOSAMAX®.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

21. FOSAMAX® (generically known as alendronate sodium) is an oral form among the class of drugs called nitrogenous bisphosphonates. This class of drugs, including Aredia has been available in the U.S. since the early 1990's.

22. The Food and Drug Administration approved FOSAMAX® on September 1995 for the treatment of management of prevention of osteoporosis in postmenopausal women, for increasing bone mass in men with osteoporosis, for men and women with low bone mass taking glucocorticoids and those with Paget's disease.

23. FOSAMAX® is believed to treat osteoporosis by inhibiting osteoclasis, thereby preventing bone turnover.

24. Although FOSAMAX was aggressively and widely marketed by Merck as a safe and effective treatment far more effective than traditional calcium supplements, when in fact FOSAMAX had a significantly higher risk of osteonecrosis, a condition extremely rare except in the presence of bisphosphonate treatment.

25. Defendants' strategy beginning in the 1995 has been to aggressively market and sell its products by falsely misleading potential users about the products and by failing to protect users from serious dangers that Defendants knew or should have known to result from use of these products.

26. The product warnings for FOSAMAX® in effect during the relevant time period were vague, incomplete or otherwise wholly inadequate, both substantively and graphically, to alert prescribing physicians as well as consumer patients of the actual risks associated with the drug.

27. Defendants widely and successfully marketed FOSAMAX® in the United States, by undertaking an advertising campaign extolling the virtues of FOSAMAX® in order to induce widespread use of the products. The marketing campaign consisted of advertisements, promotional literature to be placed in the offices of doctors and other health care providers, and other promotional materials provided to potential FOSAMAX® users. The advertising program, as a whole, sought to create the image, impression and belief by consumers and physicians that the use of FOSAMAX® was safe for human use, had fewer side effects and adverse reactions than other nitrogenous bisphosphonates and would not interfere with daily life, even though Defendants knew these to be false, and even though the Defendants had no reasonable grounds to believe them to be true.

28. Defendants purposefully downplayed and understated the health hazards and risks associated with FOSAMAX®. Defendants, through sales representatives, promotional literature, audio conferences, professional meetings, and press releases deceived potential users of FOSAMAX® by overstating the

benefits of FOSAMAX® and minimizing the known related risks associated with the drug. While withholding safety information from the FDA, the prescribing physicians and that public

29. If the Plaintiff had known the risks and dangers associated with FOSAMAX®, said Plaintiff would not have taken FOSAMAX ® and consequentially would not have been subject to its serious side effects.

## FIRST CAUSE OF ACTION
## STRICT LIABILITY – FAILURE TO WARN

30. Plaintiff incorporates by reference herein each of the allegations heretofore set forth in this Complaint as though fully set forth herein.

31. Defendants, directly or indirectly, negligently and/or defectively designed, tested, inspected, manufactured, assembled, developed, labeled sterilized, licensed, marketed, advertised, promoted, sold, packaged, supplied and/or distributed the drug FOSAMAX®.

32. At all times material hereto, Defendants had a duty to users and/or consumers of FOSAMAX®, including Plaintiff, to exercise reasonable care in the design, testing, inspection, manufacture, assembly, development, labeling, sterilization, licensing, marketing, advertising, promotion, sale, packaging, supply and/or distribution of FOSAMAX®.

33. Defendants breached that duty and were negligent in the design, testing, inspection, manufacture, assembly, development, labeling, sterilization, licensing, marketing, advertising, promotion, sales, packaging, supply and/or distribution of FOSAMAX® in that: FOSAMAX® was defective when put on the market by Defendants; that with such defect, FOSAMAX® was reasonably certain to be dangerous when put to normal use; and that Defendants failed to use reasonable care in designing or making FOSAMAX® or in inspecting it for defects. Specifically, Defendants breached their duty by, among other things:

a. Failing to include adequate warnings that would alert the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including Plaintiff, to the potential risks and serious side effects of the drug;

b. Failing to adequately and properly test and inspect the drug before placing the drug on the market;

c. Failing to conduct sufficient testing and inspection of the drug which, if properly performed, would have shown that the drug had serious side effects, including, but not limited to, injuries to the jaw bones, including osteonecrosis, bone loss, and degeneration;

d. Failing to adequately warn the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including Plaintiff, of the potential risks and other serious side effects associated with the drug, including, among other things, injuries to the jaw bones, including osteonecrosis, bone loss, and degeneration;

e. Failing to provide adequate post-marketing warnings or instructions after Defendants knew or should have known of the significant risks associated with the use of the drug;

f. Failing to recall and/or remove the drug from the stream of commerce despite the fact that Defendants knew or should have known of the defective and unreasonably dangerous nature of the drug, including the significant health risks associated with the use of the drug.

g. Encouraging misuse and overuse while failing to disclose the side effects of the drug to the medical, pharmaceutical and/or

9

Complaint for Damages (Tort)

scientific communities and users and/or consumers, including Plaintiff, in order to make a profit from sales.

34. Defendants knew or should have known that FOSAMAX® caused unreasonably dangerous risks and serious side effects of which users and/or consumers of the drug, including Plaintiff, were not aware. Defendants nevertheless advertised, promoted, marketed, sold, distributed and/or supplied FOSAMAX® knowing that there were safer methods for treatment of osteoporosis.

35. As a direct, legal, proximate and producing result of the negligence of Defendants, Plaintiff sustained injuries including, among other things, injuries to the jaw bones, including osteonecrosis, bone loss, and degeneration. In most of these cases, these injuries caused extensive pain and suffering and severe emotional distress and substantially reduced Plaintiff's ability to enjoy life. In addition, Defendants' negligence caused Plaintiff to expend substantial sums of money for medical, hospital, and related care.

36. As a direct, legal, proximate and producing result of the negligence of Defendants, Plaintiff was injured in health, strength and activity and suffered physical injuries as well as mental anguish. All of these said injuries caused Plaintiff intense anxiety, distress, fear, pain, suffering and distress secondary to physical injury and damages.

37. As a direct, legal proximate and producing result of the negligence of Defendants, Plaintiff required reasonable and necessary health care treatment and services and had incurred expenses therefor. Defendants' negligence was a contributing cause of Plaintiff's injuries and Plaintiff's economic and non-economic loss.

38. By reason of the foregoing Plaintiff was damaged by the negligence and wanton and willful recklessness of the Defendants. The amount sought herein exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction over this matter.

## SECOND CAUSE OF ACTION
## STRICT PRODUCTS LIABILITY
## DEFECTIVE DESIGN

39. Plaintiff incorporates by reference herein each of the allegations heretofore set forth in this Complaint as though fully set forth herein.

40. At all times material hereto, Defendants have engaged in the business of designing, testing, inspecting, manufacturing, assembling, developing, labeling, sterilizing, licensing, marketing, advertising, promoting, selling, packaging, supplying and/or distributing the drug FOSAMAX®, which is defective and unreasonably dangerous to users and/or consumers of the drug, including Plaintiff.

41. At all times material hereto, FOSAMAX® was designed, tested, inspected, manufactured, assembled, developed, labeled, sterilized, licensed, marketed, advertised, promoted, sold, packaged, supplied and/or distributed by Defendants in a defective and unreasonably dangerous condition in ways which include, but are not limited to one or more of the following:

   a. When placed in the stream of commerce, the drug contained unreasonably dangerous design defects and was not reasonably safe and fit for its intended or reasonably foreseeable purpose or as intended to be used, thereby subjecting users and/or consumers of the drug, including Plaintiff, to risks which exceeded the benefits of the drug;
   b. The drug was insufficiently tested;
   c. The drug caused harmful side effects that outweighed any potential utility;
   d. The drug was not accompanied by adequate labeling or instructions for use to fully apprise the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the

Complaint for Damages (Tort)

       drug, including Plaintiff, of the potential risks and serious side effects associated with its use;

    e. In light of the potential and actual risk of harm associated with the drug's use, a reasonable person who had actual knowledge of this potential and actual risk of harm would have concluded that FOSAMAX® should not have been marketed in that condition.

42. At all times the drug FOSAMAX® was designed, tested, inspected, manufactured, assembled, developed, labeled, sterilized, licensed, marketed, advertised, promoted, sold, packaged, supplied and/or distributed, it was expected to reach, and did reach, users and/or consumers of the drug across the United States, including Plaintiff, without substantial change in the defective and unreasonably dangerous condition in which it was sold.

43. At all times, Plaintiff used FOSAMAX® for its intended or reasonably foreseeable purpose.

44. As a direct, legal, proximate and producing result of the defective and unreasonably dangerous condition of FOSAMAX®, Plaintiff sustained substantial injuries, including in some cases among other things, injuries to the jaw bones, including osteonecrosis, bone loss, and degeneration. The defective and unreasonably dangerous condition of FOSAMAX® has caused Plaintiff to expend substantial sums of money for medical, hospital, and related care.

## THIRD CAUSE OF ACTION
## NEGLIGENCE

45. Plaintiff incorporates by reference herein each of the allegations heretofore set forth in this Complaint as though fully set forth herein.

46. Defendants had a duty to properly manufacture, design, formulate, compound, test, produce, process, assemble, inspect, research, distribute, market, label, package, distribute, prepare for use, sell, prescribe and adequately warn of the risks and dangers of FOSAMAX®.

47. Defendants negligently and carelessly manufactured, designed, formulated, distributed, compounded, produced, processed, assembled, inspected, distributed, marketed, labeled, packaged, prepared for use and sold the aforementioned products and failed to adequately test and warn of the risks and dangers of the aforementioned products.

48. Despite the fact that Defendants knew or should have known that FOSAMAX® caused unreasonable, dangerous side effects, Defendants continued to market FOSAMAX® to consumers, including Plaintiff, when there were safer, alternative methods of treating.

49. Defendants knew or should have known that consumers such as Plaintiff would foreseeably suffer injury as a result of Defendants' failure to exercise ordinary care as described above. Defendants' negligence was a proximate cause of the Plaintiff's injuries, and the damages, harm and economic loss that Plaintiff suffered, and will continue to suffer, as described and prayed for herein.

## FOURTH CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY

50. Plaintiff incorporates by reference herein each of the allegations heretofore set forth in this Complaint as though fully set forth herein.

51. Prior to the time that the aforementioned products were used by the Plaintiff, Defendants impliedly warranted to the Plaintiff and Plaintiff's agents and physicians that said products were of merchantable quality and safe and fit for the use for which they were intended.

52. Plaintiff was unskilled in the research, design and manufacture of the aforementioned products and reasonably relied entirely on the skill, judgment and implied warranty of the Plaintiff in using the aforementioned products.

53. The aforementioned product was neither safe for its intended use nor of merchantable quality, as warranted by Defendants, in that FOSAMAX® had

dangerous propensities when put to its intended use and would cause severe injuries to the user.

54.   As a result of the aforementioned breach of implied warranties by Defendants, the Plaintiff was injured and suffered the harm and damages as alleged herein.

## FIFTH CAUSE OF ACTION
## FOR BREACH OF EXPRESS WARRANTY

55.   Plaintiff incorporates by reference herein each of the allegations heretofore set forth in this Complaint as though fully set forth herein.

56.   At all times herein mentioned, Defendants expressly represented and warranted to Plaintiff and Plaintiff's agents and physicians, by and through statements made by Defendants or its authorized agents or sales representatives, orally and in publications, package inserts and other written materials intended for physicians, medical patients and the general public, that the aforementioned product was safe, effective, fit and proper for their intended use. In reliance upon said warranties, Plaintiff purchased said product.

57.   In utilizing the aforementioned products, Plaintiff relied on the skill, judgment, representations and foregoing express warranties of the Defendants. Said warranties and representations were false in that the aforementioned products were not safe and were unfit for the uses for which they were intended.

58.   As a result of the foregoing breach of express warranties by the Defendants, Plaintiff was injured and sustained the harm and damages as herein alleged.

## SIXTH CAUSE OF ACTION
## DECEIT BY CONCEALMENT

59.   Plaintiff incorporates by reference herein each of the allegations heretofore set forth in this Complaint as though fully set forth herein.

Complaint for Damages (Tort)

60. Defendants, from the time that FOSAMAX® was first tested, studied, researched, evaluated, endorsed, manufactured, marketed and distributed, and up to the present, willfully deceived Plaintiff and by concealing from Plaintiff and Plaintiff's physicians and the general public, the true facts concerning said pharmaceutical products, which the Defendants had a duty to disclose.

61. Defendant Merck has not warned, and continues not to warn, physicians and consumers' physicians and consumers in the United States.

62. Defendant Merck conducted a sales and marketing campaign to promote the sale of the aforementioned drug products and willfully deceive Plaintiff and Plaintiff's physicians and the general public as to the health risks and consequences of the use of FOSAMAX® Defendants were aware of the foregoing, and that FOSAMAX® was not safe, fit and effective for human consumption, the use of FOSAMAX® is hazardous to health, and FOSAMAX® has a serious propensity to cause serious injuries to users, including but not limited to the injuries suffered by Plaintiff and the harm and damages sustained by Plaintiff as delineated herein.

63. Defendants intentionally concealed and suppressed the true facts concerning FOSAMAX® with the intent to defraud Plaintiff, in that the Defendants knew that the Plaintiff's physicians would not prescribe FOSAMAX®, and the Plaintiff would not have used FOSAMAX®, if Plaintiff were aware of the true facts concerning the dangers of FOSAMAX®.

64. As a result of the foregoing fraudulent and deceitful conduct by the Defendants, Plaintiff was injured and suffered harm and damages as alleged herein.

## SEVENTH CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION

65. Plaintiff incorporates by reference herein each of the allegations heretofore set forth in this Complaint as though fully set forth herein.

Complaint for Damages (Tort)

66. Defendants, from the time that FOSAMAX® was first tested, studied, researched, evaluated, endorsed, manufactured, marketed and distributed, and up to the present, made false misrepresentations, as previously set forth herein, to Plaintiff, Plaintiff's physicians, and the general public, including but not limited to the misrepresentation that FOSAMAX® was safe, fit and effective for human consumption. Defendants conducted a sales and marketing campaign to promote the sale of FOSAMAX® and willfully deceived Plaintiff, Plaintiff's physicians and the general public as to the health risks and consequences of the use of the aforementioned products.

67. The Defendants made the foregoing representation without any reasonable ground for believing them to be true. These representations were made directly by Defendants, by sales representatives and other authorized agents of said Defendants, and in publications and other written materials directed to physicians, medical patients and the public, with the intention of inducing reliance, and the prescription, purchase and use of the subject products.

68. The foregoing representations by the Defendants were in fact false, in that FOSAMAX® was not safe, fit and effective for human consumption, the use of FOSAMAX® is hazardous to health, and FOSAMAX® has a serious propensity to cause serious injuries to users, including but not limited to the injuries suffered by Plaintiff as delineated herein.

69. The foregoing representations by Defendants were made with the intention of inducing reliance and the prescription, purchase and use of FOSAMAX®.

70. In reliance on the misrepresentations by the Defendants, the Plaintiff was induced to purchase and use FOSAMAX®. If the Plaintiff had known of the true facts and the facts concealed by the Defendants, said Plaintiff would not have used FOSAMAX®. The reliance of Plaintiff upon Defendants' misrepresentations

Complaint for Damages (Tort)

was justified because such misrepresentations were made and conducted by individuals and entities that were in a position to know the true facts.

71. As a result of the foregoing negligent misrepresentations by the Defendants, Plaintiff was injured and suffered harm and damages as alleged herein.

## PUNITIVE DAMAGES ALLEGATIONS
### (As to the First, Second, Third, Sixth, and Seventh Causes of Action, only)

72. Plaintiff incorporates by reference herein each of the allegations heretofore set forth in this Complaint as though fully set forth herein.

73. The acts, conduct, and omissions of Defendants as alleged throughout this Complaint were willful and malicious and were done with a conscious disregard for the rights of Plaintiff and other users of the Defendants' product and for the primary purpose of increasing Defendants' profits from the sale and distribution of FOSAMAX®. Defendants' outrageous and unconscionable conduct warrants an award of exemplary and punitive damages against Defendants in an amount appropriate to punish and make an example of Defendants.

74. Prior to the manufacturing, sale and distribution of said prescribed medication Defendants knew that said medication was in a defective condition as previously described herein and knew that those who were prescribed the medication would experience and did experience severe physical, mental, and emotional injuries. Further, Defendants, through their officers, directors, managers, and agents, had knowledge that the medication presented a substantial and unreasonable risk of harm to the public including Plaintiff and, as such, said consumers of said drugs were unreasonably subjected to risk of injury or death from the consumption of said product.

75. Despite such knowledge, Defendants, acting through their officers, directors and managing agents for the purpose of enhancing Defendants' profits, knowingly and deliberately failed to remedy the known defects in said medication

and failed to warn the public, including Plaintiff, of the extreme risk of injury occasioned by said defects inherent in said medication. Said Defendants and their individual agents, officers, and directors intentionally proceeded with the manufacturing, sale, and distribution and marketing of said medication knowing persons would be exposed to serious danger in order to advance Defendants' own pecuniary interest and monetary profits.

76.  Defendants' conduct was despicable, and so contemptible that it would be looked down upon and despised by ordinary decent people, and was carried on by Defendants with willful and conscious disregard for the safety of and the rights of Plaintiff, entitling Plaintiff to exemplary damages.

**WHEREFORE**, Plaintiff prays for judgment against the Defendants, as follows, as appropriate to each cause of action alleged:

1.  Past and future general damages in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, the exact amount of which has yet to be ascertained, in an amount which will conform to proof at time of trial;

2.  Past and future economic and special damages according to proof at the time of trial;

3.  Past medical and burial expenses according to proof at the time of trial;

4.  For punitive or exemplary damages according to proof on the First, Second, Third, Sixth, and Seventh causes of action;

5.  Restitution, disgorgement of profits, and other equitable relief;

6.  Injunctive relief;

7.  Attorney's fees;

8.  For costs of suit incurred herein;

9.  For pre-judgment interest as provided by law;

10. For such other and further relief as the Court may deem just and proper.

Complaint for Damages (Tort)

Dated: June 11, 2008         ROBINSON, CALCAGNIE & ROBINSON

By: _____
Mark P. Robinson, Jr., SBN 054426
Cynthia L. Garber, SBN 208922
**ROBINSON, CALCAGNIE & ROBINSON**
620 Newport Center Drive, 7th Floor
Newport Beach, CA 92660
Tele: 949-720-1288
Fax: 949-720-1292

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by rule 38(a) of the *Federal Rules of Civil Procedure*.

Dated: June 11, 2008         ROBINSON, CALCAGNIE & ROBINSON

By: _____
Mark P. Robinson, Jr., SBN 054426
Cynthia L. Garber, SBN 208922
**ROBINSON, CALCAGNIE & ROBINSON**
620 Newport Center Drive, 7th Floor
Newport Beach, CA 92660
Tele: 949-720-1288
Fax: 949-720-1292